IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| WHIPSTOCK SERVICES, INC., | § | |
| | § | |
| v. | § | NO. 6:09-cv-113 |
| | § | |
| SCHLUMBERGER OILFIELD | § | |
| SERVICES and/or SCHLUMBERGER | § | |
| TECHNOLOGY CORPORATION. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Schlumberger Technology Corporation's ("Defendant") Motion to Strike Plaintiff Whipstock Services, Inc.'s ("Plaintiff") Infringement Contentions or in the Alternative to Compel Infringement Contentions in Compliance with Local Patent Rule 3-1 (Doc. No. 55). The parties fully briefed the matter (Doc. Nos. 62, 64, 74). Having considered the parties' submissions, the Court **DENIES** Defendant's motion.

**DISCUSSION**

Plaintiff has accused Defendant of infringing one or more claims of U.S. Patent No. 5,769,166 ("the '166 patent") (Doc. No. 21). The '166 patent, entitled "Wellbore Window Milling Method," claims "method[s] for forming an opening in a tubular in a wellbore extending through a formation." '166 Patent col. 11:8-9, 59-60. In its infringement contentions, Plaintiff contends Defendant infringes method claims 1-2, 4-16 (Doc. No. 55-3). The contentions include a chart, describing for each element of each asserted claim allegedly infringing activity "during one or more of [Defendant's] whipstock and milling operations . . . ." *Id.* Defendant objected to the sufficiency of Plaintiff's contentions and, after unsuccessful attempts to meet and confer, brought this motion.

"[T]he Patent Rules are designed to streamline the discovery process." *American Video*

*Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005). The Rules "requir[e] plaintiffs to disclose their [] infringement contentions before discovery has even begun." *Id.* Patent Rule 3-1 requires disclosure of infringement contentions, including:

> (a) Each claim of each patent in suit that is allegedly infringed by each opposing party;
>
> (b) Separately for each asserted claim, each accused . . . process, method, act . . . ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. . . . Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results, in the practice of the claimed method process;
>
> (c) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality . . .

P.R. 3-1.

Proper infringement contentions provide a defendant with notice of a plaintiff's infringement theories. *Linex Techs., Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 706 (E.D. Tex. 2008) (noting "enough specificity is required to give an alleged infringer notice of the patentee's claims"). This notice focuses discovery and narrows issues for claim construction, summary judgment, and trial. *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 526 (E.D. Tex. 2005). The Rules do not require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case. *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009) (stating "[i]nfringement contentions are not intended to require a party to set forh a *prima facie* case of infringement and evidence in support thereof"); *see also Balsam Coffee Solutions Inc. v. Folgers Coffee Co.*, No. 6:09-cv-089, 2009 WL 4906860, at *3 n.2 (E.D. Tex. Dec. 9, 2009) (observing "P.R. 3-1 does not require the disclosure of evidence and documents supporting

infringement contentions . . ."); *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, slip. op. at 3 n.3 (E.D. Tex. July 20, 2009) (explaining the identification of evidence obtained during discovery can aid in satisfying the notice function of infringement contentions); *Samsung SDI Co. v. Matsushita Elec. Indus. Co.*, No. , 2006 WL 5097360, at *1 (C.D. Cal. June 5, 2006) (explaining "[t]he plaintiff is not . . . required to produce evidence of infringement . . . or to provide evidentiary support for its contentions" (quotations omitted)). "Infringement contentions are not meant to provide a forum for litigation of the substantive issues; they are merely designed to streamline the discovery process." *Linex Techs.,* 628 F. Supp. 2d at 713 (citing *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004)) (quotations omitted).

Defendant argues Plaintiff's contentions are inadequate because they refer to "one or more of [Defendant's] accused whipstock and milling operations" without further identifying specific jobs, dates, wells, locations, or equipment used. Defendant seeks identification of specific activities and explanations of how these activities allegedly infringe the claimed methods. Absent such relief, Defendant contends, orderly discovery cannot proceed.

Plaintiff submits that its contentions are adequate. It argues it has specifically identified allegedly infringing activities, such as the "whipstock window-milling sequence" and "casing exit" operations. Plaintiff further argues that it went beyond the claim language to detail how these activities satisfy each claim element. Plaintiff correctly observes that P.R. 3-1 requires only that the "identification shall be as specific *as possible*. . . . Each method or process must be identified by name, *if known* . . . ." (emphasis added).

At this stage of the case, Plaintiff's infringement contentions are sufficient. Plaintiff specifically identified each claim that is allegedly infringed. Plaintiff separately asserted each claim

against Defendant's "whipstock and milling operations" and provided a chart describing how each element of each asserted claim was met. Contrary to Defendant's assertion, Plaintiff has not blindly accused Defendant's operations. Plaintiff has descriptively identified certain operations. As Plaintiff noted, this method of identification is reasonable absent "some unique, in-house name or number used to designate the accused operations . . . ." (Doc. No. 55-5). Morever, P.R. 3-1 does not require a plaintiff to specify jobs, dates, and locations, or otherwise describe each instance of the allegedly infringing activity.[1] Such information is not analogous to a product line or model number. While the name of a process may be analogous to a product name or model number, specific instances of performing a process or method are not.

Although Plaintiff's contentions are presently sufficient, it may ultimately become appropriate to seek leave to amend them. Likewise, it may be appropriate for Defendant to re-raise sufficiency later in the case. At the outset of a case, infringement contentions need only be based on information that is publicly available. *See Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006). If more specific information becomes available through discovery, additional specificity in the infringement contentions may be appropriate to provide adequate notice of the accused processes or methods. Plaintiff should update and refine its contentions as necessary.

Accordingly, the Court finds it unnecessary to strike Plaintiff's infringement contentions or to compel Plaintiff to amend them at this time.

## **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's motion.

---

[1] Of course a plaintiff may disclose such information to aid in satisfying the notice function.

**So ORDERED and SIGNED this 8th day of January, 2010.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE